1  JOHN E. PEER - State Bar No. 95978
   jpeer@wpdslaw.com
2  IRA D. GOLDBERG– State Bar No. 88465
   igoldberg@wpdslaw.com
3  **WOOLLS PEER DOLLINGER & SCHER**
   A Professional Corporation
4  One Wilshire Building
   624 South Grand Avenue, 22nd Floor
5  Los Angeles, California 90017
   Telephone:  (213) 629-1600
6  Facsimile:   (213) 629-1660

7  Attorneys for Plaintiff
   WILLIAMSBURG NATIONAL
8  INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| WILLIAMSBURG NATIONAL INSURANCE COMPANY, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF AND RECOUPMENT** |
| v. | |
| SOUTHLAND SOD FARMS OPERATIONS, INC., AND LUNA TRANSPORT, INC. | |
| Defendants. | |

Comes now plaintiff WILLIAMSBURG NATIONAL INSURANCE COMPANY ("Williamsburg"), pursuant to Federal Rules of Civil Procedure Rule 57 and the Uniform Declaratory Judgments Act, 28 U.S.C. § 2201, and alleges against defendant SOUTHLAND SOD FARMS OPERATIONS, INC. ("Southland") and defendant LUNA TRANSPORT, INC. ("Luna") as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship among the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 28

U.S.C. § 1391(b)(2) because Southland and Luna are or were residents of this District, the insurance policy in question was issued in this District, the Underlying Action was filed in this District, and therefore this District is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

3. At all times relevant hereto, plaintiff Williamsburg is and was a Michigan corporation, with its principal place of business in Michigan.

4. Williamsburg is informed and believes and thereon alleges that at all times relevant hereto Defendant Southland is and was incorporated in California and has its principal place of business in Ventura County, California.

5. Williamsburg is informed and believes, and thereon alleges that at all times relevant hereto Defendant Luna was incorporated in California and had its principal place of business in Ventura County, California. Williamsburg is further informed and believes, and thereon alleges that on December 13, 2022, the Office of the California Secretary of State filed a Certificate of Dissolution for Luna Transport, Inc., and Luna is currently a dissolved corporation.

## GENERAL ALLEGATIONS

6. Williamsburg is informed and believes and thereon alleges that on October 24, 2020, while making deliveries in Orange County, California, Hector Aguilar Cisneros ("Cisneros") was riding a forklift as an independent contractor hired by Defendant Luna to load or unload sod for Defendant Southland.

7. Williamsburg is informed and believes, and thereon alleges that as Cisneros was riding the forklift on the ramp, the ramp separated or cracked, or the ramp was improperly connected to a trailer, and caused the ramp to move or shift under the forklift.

8. Williamsburg is informed and believes, and thereon alleges that the movement of the ramp caused the forklift to topple on the ramp, and caused Cisneros to be thrown from the forklift, landing on his head onto a pavement, suffering serious

[CASE NO.:]
[COMPLAINT FOR DECLARATORY RELIEF AND RECOUPMENT]

injuries.

9.  Williamsburg is informed and believes, and thereon alleges that the forklift, the ramp, and the trailer were owned by Defendant Southland.

10.  Williamsburg is informed and believes, and thereon alleges that on May 13, 2022, Cisneros, his wife and son filed an action against Southland in the Orange County Superior Court seeking damages for his injuries based on causes of action for Negligence, Premises Liability, Negligent Infliction of Emotional Distress, and Loss of Consortium. The action is *Hector Aguilar Cisneros, et al. v. Southland Sod Farms Operations, Inc.*, Orange County Superior Court Case No. 30-2022-01259512-CU-PO-CJC (the "Underlying Action").

11.  Williamsburg is informed and believes and thereon alleges that Southland is being defended in the Underlying Action under a General Liability policy issued by Nationwide Insurance Company to Southland.

12.  On July 25, 2022, Southland tendered its defense of the Underlying Action to Williamsburg.

## THE WILLIAMSBURG INSURANCE POLICY

13.  Williamsburg issued Motor Carrier Coverage policy CA 0384521-12 to Luna Transport, Inc. covering the period 10/29/2019 to 10/29/2020. The policy provides a per accident limit of $1,000,000. Written on standard form CA 0020 (03/10), the Declarations page checked boxes for Symbol 67 ("Specifically Described 'Autos'"); Symbol 68 ("Hired 'Autos'"); and Symbol 71 ("Non-Owned 'Autos' Only"). The principal insuring agreement, standard form CA 0020 (03/10), extends coverage for all sums an insured is legally obligated to pay because of bodily injury caused by an accident, and "resulting from the ownership, maintenance or use of a covered "auto". A true and correct copy of the Williamsburg policy is attached hereto as Exhibit "A".

14.  The Williamsburg policy extended coverage for Luna's liability resulting from the ownership, maintenance or use of a "covered auto". Under policy CA 0384521-12, a "covered auto" is:

3

[CASE NO.:]
[COMPLAINT FOR DECLARATORY RELIEF AND RECOUPMENT]

1. An auto specifically listed on the policy for which a premium was charged. (Symbol 67). (The policy does not list the involved tractor, which was owned by Cisneros, or the trailer or ramp, which were owned by Southland); or

2. An auto Luna "leased, hired, rented or borrowed" (Symbol 68); or

3. An auto Luna did not lease, hire, rent or borrow that was "used in connection with" Luna's business. (Symbol 71).

The policy also attached a "Hired Auto Endorsement" (WBC-HA) showing a premium charge of $.48 for each $100 cost of a hired vehicle, subject to a reduction to 15% of the premium if the insured made certain the owner of the covered auto Luna had borrowed had primary insurance in place that named Luna as an Additional Insured on its liability policies. Williamsburg is informed and believes, and thereon alleges that the insurance policy identifying the Southland trailer contained an endorsement that made Luna an Additional Insured under that policy.

15. The Williamsburg policy includes a standard form exclusion for:

> 8. **Movement of Property By Mechanical Device**
>
> 'Bodily injury' or 'property damage' resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered 'auto'.

16. By separate endorsement Southland was made an Additional Insured under the Williamsburg policy for any liability arising out of operations performed for Southland by or on behalf of Luna.

17. The Other Insurance provisions of the Williamsburg policy are tailored to follow California law, which imposes statutory presumptions on Other Insurance issues in these circumstances and would make the insurer of the owner of the specifically identified vehicle (Southland's trailer) primarily liable.

///
///
///

**Williamsburg's Reservation of Rights**

18. Williamsburg has agreed to participate in the defense of Southland in the Underlying Action pursuant to a full reservation of rights pending resolution of this action, including the right to seek reimbursement from Southland or Luna for any defense expenses or payments toward settlement or judgment, should Williamsburg establish there was never any potential for coverage under the Williamsburg policy. A true and correct copy of Williamsburg's Reservation of Rights letter is attached hereto as Exhibit "B".

**FIRST CLAIM FOR RELIEF**

(Declaratory Relief Against All Defendants – No Duty to Defend)

19. Williamsburg incorporates the allegations in paragraphs 1 through 18 above.

20. An actual controversy has arisen and now exists between Williamsburg on the one hand and defendants on the other hand as to Williamsburg's rights and obligations under the Williamsburg policy. Williamsburg is informed and believes and thereon alleges that defendants contend the claims asserted in the Underlying Action are covered or potentially covered by the Williamsburg policy. Williamsburg contends that because the trailer, the ramp and the forklift Cisneros was riding were not "covered autos" under the Williamsburg policy, no coverage applies.

21. Williamsburg is informed and believes, and thereon alleges that defendants contend the claims asserted in the Underlying Action are not subject to the exclusion for "Movement of Property by Mechanical Device." Williamsburg contends that the exclusion for "Movement of Property by Mechanical Device" under the Williamsburg policy applies, and therefore no coverage applies.

22. Williamsburg's reliance on these coverage defenses as a basis to establish non-coverage in this action is expressly made without prejudice to its right to rely on other policy terms, conditions and exclusions with respect to the claims raised in the Underlying Action.

23. Williamsburg seeks a declaration that under the policy it owes no defense obligations to Southland with respect to the Underlying Action.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief Against All Defendants – No Duty to Indemnify)

24. Williamsburg incorporates the allegations in paragraphs 1 through 23 above.

25. An actual controversy has arisen and now exists between Williamsburg on the one hand and defendants on the other hand as to Williamsburg's rights and obligations under the Williamsburg policy. Williamsburg is informed and believes, and thereon alleges that defendants contend that the claims asserted in the Underlying Action are covered by the Williamsburg policy. Williamsburg contends that because the trailer, the ramp, and the forklift Cisneros was riding were not "covered autos" under the Williamsburg policy, no coverage applies.

26. Williamsburg is informed and believes and thereon alleges that defendants contend the claims asserted in the Underlying Action are not subject to the exclusion for "Movement of Property by Mechanical Device." Williamsburg contends that the exclusion for "Movement of Property by Mechanical Device" under the Williamsburg policy applies, and therefore no coverage applies.

27. Williamsburg's reliance on these coverage defenses as a basis to establish non-coverage in this action is expressly made without prejudice to its right to rely on other policy terms, conditions and exclusions with respect to the claims raised in the Underlying Action.

28. Williamsburg seeks a declaration that under the policy it owes no indemnity obligations to Southland or Luna with respect to the Underlying Action.

## THIRD CLAIM FOR RELIEF

(Recoupment Against All Defendants)

29. Williamsburg incorporates the allegations in paragraphs 1 through 28 above.

[CASE NO.:]
[COMPLAINT FOR DECLARATORY RELIEF AND RECOUPMENT]

30.  Williamsburg contends it is entitled to recoup the full amount of the expenses Williamsburg has incurred or will incur in the defense of Southland in the Underlying Action because no potential for coverage ever existed because the trailer, the ramp and the forklift Cisneros was riding on were not "covered autos" under the Williamsburg policy, and because the exclusion for "Movement of Property by Mechanical Device" under the Williamsburg policy applies, and no coverage applies.

31.  If Williamsburg is required to pay any amount in settlement of the Underlying Action on behalf of Southland or for a judgment the Plaintiffs obtain against Southland in the Underlying Action, Williamsburg is entitled to recoup any such payments from defendants by the specific terms of Williamsburg's Reservation of Rights letter, as well as federal and California law.

32.  Williamsburg seeks a declaration requiring Southland and Luna to reimburse Williamsburg for any payments Williamsburg has made in the defense of the Underlying Action as well as any payment Williamsburg makes in settlement or judgment for claims not covered by its policy.

## PRAYER FOR RELIEF

Wherefore, Williamsburg prays for a judgment:

(1)  Declaring that Williamsburg has no obligation under the policy to defend Southland in the Underlying Action;

(2)  Declaring that Williamsburg has no obligation under the policy to indemnify Southland in the Underlying Action;

(3)  Declaring that Williamsburg is entitled to reimbursement plus interest from defendants for any payments or costs Williamsburg has made or is required to make in defending Southland in the Underlying Action, or is required to pay to the plaintiffs in the Underlying Action.

(4)  For an award of Williamsburg's costs of suit;

(5)  For such additional relief as the Court deems just and proper.

| | |
|---|---|
| DATED: March 23, 2023 | WOOLLS PEER DOLLINGER & SCHER<br>A Professional Corporation<br><br> /s/ JOHN E. PEER<br>JOHN E. PEER<br>IRA D. GOLDBERG<br>Attorneys for Plaintiff<br>WILLIAMSBURG NATIONAL INSURANCE COMPANY |

[CASE NO.:]
[COMPLAINT FOR DECLARATORY RELIEF AND RECOUPMENT]

1007192.1