JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMSBURG NATIONAL INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SOUTHLAND SOD FARMS OPERATIONS, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-02189-FLA (PVCx)<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

1

**RULING**

On March 23, 2023, Plaintiff Williamsburg National Insurance Company ("Plaintiff") initiated this action against Defendant Southland Sod Farms Operations, Inc. ("Defendant") in this court. Dkt. 1.

On July 26, 2023, the court ordered the parties to show cause ("OSC") why the action should not be dismissed for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 28. Only Plaintiff filed a response to the OSC. Dkt. 29 ("Resp.").

Having reviewed Plaintiff's response to this court's OSC, and for the following reasons, the court finds Plaintiff fails to establish subject matter jurisdiction and accordingly DISMISSES the action without prejudice to its refiling in an appropriate forum.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where a party contests, or the court questions, a party's allegations concerning the amount in

controversy, both sides shall submit proof, and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As stated in the OSC, the Complaint does not plead facts sufficient to plead plausibly that the amount in controversy exceeds $75,000. Dkt. 28 at 2. As the amount in controversy cannot be determined on the face of the Complaint, the court looks to Plaintiff's response to the OSC to determine whether Plaintiff has met its burden to establish the court's subject matter jurisdiction.

In the Complaint, Plaintiff seeks a declaration that it has no obligation to defend or indemnify Defendant and is entitled to reimbursement from Defendant in the action styled *Hector Aguilar Cisneros, et al. v. Southland Sod Farms Operation, Inc.*, Orange County Superior Court Case No. 30-2022-01259512-CU-PO-CJC (the "Underlying Action"). According to Plaintiff, in an action for declaratory relief, where "the applicability of … liability coverage is at issue," the amount in controversy is the value of the underlying tort action. Resp. at 2 (citing *Budget Rent-A-Car v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997)).

Plaintiff refers the court to a statement of medical services provided to the plaintiff in the Underlying Action, which demonstrates payments made by Blue Shield of California totaling $66,970.91. *Id.* Plaintiff also requests the court take judicial notice of certain filings in the Underlying Action, including the first amended complaint, which prays for judgment against defendants for "all hospital, medical, professional and incidental expenses according to proof," general damages for "loss of earnings and earning capacity," damages for negligent infliction of emotion distress, and loss of consortium. Resp. at 2-3. Plaintiff's submitted evidence, however, is insufficient to establish by a preponderance of the evidence that the total value of the Underlying Action is enough to meet the jurisdictional threshold of $75,000.

3

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of dismissing the action, *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), the court is not persuaded, under the circumstances here, that Plaintiff has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. Therefore, the court finds Plaintiff fails to demonstrate the court has diversity jurisdiction. *See* 28 U.S.C. § 1332.

## **CONCLUSION**

For the foregoing reasons, the court DISMISSES the action without prejudice to its refiling in an appropriate forum. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: September 19, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge